UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. MEREDITH,

    Plaintiff,

v.                                      Case No. 1:10-cv-669
                                      Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                    /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on June 1, 1948 (AR 137).[1] He completed the 12th grade (AR 183). Plaintiff alleged a disability onset date of May 1, 2006 (AR 137). He had previous employment as a photographer, disc jockey, line dance instructor, factory supervisor and factory manager (AR 177). Plaintiff identified his disabling conditions as cardiovascular disease, back injuries, arthritis, color blindness and a cyst on the kidney (AR 176). On January 27, 2010, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 9-20). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of May 1, 2006, through his date last insured of December 31, 2008 (AR 15). At step two, the ALJ found that plaintiff suffered

from severe impairments of: "s/p coronary artery disease and coronary artery bypass grafting, arthritis, carotid artery stenosis, COPD, and lower back pain" (AR 11). At step three, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 12). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) "except the claimant must avoid concentrated exposure to pulmonary irritants and extreme cold" (AR 13). The ALJ further found that plaintiff could not perform any of his past relevant work (AR 18).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of sedentary jobs in the national economy through the date last insured (AR 19). Specifically, plaintiff could perform the following representative jobs: order clerk (1,685 jobs); dispatcher (1,755 jobs); production clerk (2,135 jobs); and inventory and shipping clerk (4,705 jobs) (AR 19). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from the alleged onset date of May 1, 2006 through the date last insured of December 31, 2008 (AR 20).

### III. ANALYSIS

Plaintiff raised three issues on appeal.

**A. Whether the Commissioner by its ALJ and the Appeals Council committed legal error when ODAR [Office of Disability Adjudication and Review] mishandled the work adjustment complication on and after Mr. Meredith's 60th birthday, failing whatsoever to consider that vital issue, and by such failure, failing to conform to the Commissioner's regulatory requirements?**

### 1. Appeals Council

As an initial matter, plaintiff seeks judicial review of the Appeals Council May 14, 2010 decision denying his request for review (AR 1). There is no basis for the court to review the Appeals Council's denial of plaintiff's request for review. "Only final decisions of the [Commissioner] are subject to judicial review under [42 U.S.C.] § 405(g)." *Willis v. Secretary of Health and Human Servs.*, No. 93-6337, 1995 WL 31591 at * 2 (6th Cir. 1995), *citing Califano v. Saunders*, 430 U.S. 99, 108 (1977). When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 106-107 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision"); *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("[w]hile new material evidence may be submitted for consideration to the appeals council pursuant to 20 C.F.R. § 404.970, on appeal we still review the ALJ's decision, not the denial of review by the appeals council"). Accordingly, plaintiff's claim of error with respect to the Appeals Council should be denied.

### 2. ALJ's decision regarding transferability of skills

The crux of plaintiff's claim is that at step five of the sequential evaluation, the ALJ did not determine whether he had skills which could transfer to other work that exists in the national economy. Specifically, plaintiff contends that the "ALJ never attained the vocational expert's description of what need for work adjustment existed, if Mr. Meredith were to transfer skills from an auto parts manufacturing shop to jobs as a dispatcher or as a clerk." Plaintiff's Brief at p. 7. Plaintiff cites no authority to support this claim.

In *Kyle v. Commissioner of Social Security*, 609 F.3d 847 (6th Cir. 2010), the Sixth Circuit explained the process for determining whether a plaintiff can perform other work in the national economy as required by step five of the sequential evaluation:

> To establish that work exists in the national economy, the ALJ can rely on evidence such as the testimony of a VE [vocational expert] and the DOT [*Dictionary of Occupational Titles*]. The ALJ takes administrative notice of reliable job information available from various governmental publications such as the DOT, published by the Department of Labor. 20 C.F.R. § 404.1566(d). The ALJ can also use the services of a VE to help determine whether a claimant's work skills can be used in other work, and, if so, the specific occupations in which they can be used. 20 C.F.R. § 404.1566(e); [*Beinlich v. Commissioner of Social Security*, 345 Fed.Appx. 165, 167 (6th Cir. 2009)].
>
> The ALJ must then assess whether the claimant has transferable skills pursuant to 20 C.F.R. § 404.1568(d)(1)-(3) and SSR 82-41. The claimant is considered to have transferable skills when skilled or semi-skilled work activities the claimant did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kids [sic] of work. According to the statute:
>
>> Transferability is most probable and meaningful among jobs in which-
>>
>>> (i) The same or a lesser degree of skill is required;
>>>
>>> (ii) The same or similar tools and machines are used; and
>>>
>>> (iii) The same or similar raw materials, products, processes, or services are involved.
>
> 20 C.F.R. § 404.1568(d)(2)
>
> There are varying degrees of transferability. All of the subsets of 1568(d)(2) need not be met for skills to be transferable. "There are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs. A complete similarity of all three factors is not necessary for transferability." 20 C.F.R. § 404.1568(d)(3); *see Thompson v. Comm'r of Soc. Sec.*, 2008 WL 850167, at *4 (S.D.Ohio Mar. 28, 2008); *see also Faison v. Sec'y of Health & Human Servs.*, 679 F.2d 598, 600 (6th Cir.1982).

*Kyle*, 609 F.3d at 855-56.

Here, the ALJ found that plaintiff acquired various skills from his previous work experience:

> The vocational expert testified that the claimant's past work as a photographer, disc jockey, line dancer, supervisor, [and] manager was skilled and required the following skills: directing and training others, managing and supervising others, completing inventory, ordering supplies, assigning jobs, troubleshooting problems, assembly, and inspection.

(AR 18-19, 38). The VE testified that these jobs were "skilled" and that all of the skills were transferable to sedentary work (AR 37).[2] The VE also identified sedentary, semi-skilled jobs available in the region (i.e., the lower peninsula of Michigan) which would be available to a hypothetical individual limited to plaintiff's age, education, work experience, and the need to avoid pulmonary irritants and extreme cold: order clerk (1,685 jobs); dispatcher (1,755 jobs); production clerk (2,135 jobs); and inventory and shipping clerk (4,705 jobs) (AR 37-38). Based on this testimony, the ALJ found that plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy (AR 19).

The ALJ adequately addressed the issue of transferability of skills. Her decision is supported by substantial evidence. Accordingly, plaintiff's claim that the ALJ erred with respect to determining the transferability of plaintiff's managerial and supervisory skills should be denied.[3]

---

[2] Plaintiff also worked part-time as a vending machine attendant, a job which the VE identified as involving light, unskilled work (AR 37).

[3] The court notes that the ALJ made an alternative finding that given plaintiff's age, education, ability to communicate in English, and work experience, he could be considered "not disabled" under the appropriate grid, 20 C.F.R., Part 404, Subpt. P, App. 2, Rule 201.07 and § 404.1568(d).

7

> **B.     Whether the Commissioner by its ALJ/Appeals Council committed legal error when the Commissioner failed to properly incorporate Mr. Meredith's depressive syndrome impairment as one of "severity," and then failed to incorporate such depressive syndrome as a variable in assessing Mr. Meredith's residual functional capacity?**

Plaintiff contends that the ALJ erred by failing to designate a mental impairment of depression as a severe impairment at step one of the sequential evaluation. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.* An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* Here, plaintiff did not allege that he suffered from depression or any other mental impairment in his Disability Report (AR 175-84). Nevertheless, the ALJ reviewed plaintiff's functional limitations arising from the alleged depression and concluded that plaintiff had, at most, mild limitations which did not impact his RFC (AR 12, 17-18). Accordingly, the ALJ's failure to find depression as a severe impairment is not error requiring reversal. *See Maziarz*, 837 F.2d at 244.

**C. Whether this court, given the legal errors and factual variables mishandling of the Commissioner's ALJ, should vacate the Commissioner's ALJ's / Appeals Council's January 27, 2010 / May 14, 2010 orders, remanding this action back to the Commissioner for further handling before an ALJ?**

Plaintiff has not briefed this final claim of error. For the reasons previously discussed, plaintiff has not presented any basis to remand this matter for further administrative action. Accordingly, there is no ground for a remand in this matter.

### IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.

Dated: June 6, 2011 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).