UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. MEREDITH,

    Plaintiff,

CASE NO. 1:10-CV-669

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

    The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 17), and Plaintiff's Objections to it (docket # 18). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

1

Case 1:10-cv-00669-RJJ-HWB   ECF No. 19 filed 07/14/11   PageID.491   Page 2 of 3

The Report and Recommendation recommends that the Commissioner of Social Security's decision to deny Plaintiff's claim for disability insurance be affirmed. Plaintiff raises two objections to the recommendation. After a de novo review of the record, the Court accepts the Magistrate Judge's Report and Recommendation and orders that the Commissioner's decision be affirmed.

Plaintiff first objects that, contrary to the opinion of the Magistrate Judge, the Administrative Law Judge (ALJ) erred when she failed to consider the potential vocational adjustment inherent in the transfer of skills from Plaintiff's past work to other theoretical work. An ALJ is required to assess, among other things, "whether the claimant has transferable skills" under 20 C.F.R. § 404.1568(d)(1)-(3). *Kyle v. Commissioner of Social Security*, 609 F.3d 847, 855 (6th Cir. 2010). An ALJ may rely on a Vocational Expert's (VE) ultimate opinion on whether Plaintiff's skills are transferable. *Kyle*, 609 F.3d at 857. Here, the ALJ twice asked the VE during the hearing whether Plaintiff possessed any skills from his past work that would transfer to sedentary work with Plaintiff's particular limitations. (Docket # 6-2, AR 37-38)  The VE listed which skills would transfer and which jobs were available in the region. (*Id.*)  In her decision, the ALJ recognized that Plaintiff qualified as an individual of advanced age. (Docket # 6-2, AR 18)  Moreover, the ALJ specifically addressed the transferability of Plaintiff's work skills: "Based on the testimony of the vocational expert, I conclude that the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs that existed in significant numbers in the national economy." (Docket # 6-2, AR 19)  As the Magistrate Judge rightly observed, the ALJ gave sufficient consideration to the transferability of Plaintiff's skills, including the difficulty of such a transfer, as well as Plaintiff's age. The ALJ's decision is supported by substantial evidence in the record.

Plaintiff also objects that the ALJ failed to consider Plaintiff's depressive syndrome as a severe non-exertional impairment. The Court agrees with the Magistrate Judge that the ALJ did not commit reversible error. Here, the ALJ found at step two that Plaintiff suffered from numerous severe impairments. The ALJ's failure to find an additional severe impairment based on Plaintiff's depressive syndrome does not constitute reversible error if the ALJ considered all of Plaintiff's impairments in determining the residual functioning capacity. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir. 2009). In this case, the ALJ did consider all of Plaintiff's impairments, including the alleged depressive syndrome, in determining his residual functioning capacity, finding that any limitations caused by the syndrome were mild. (Docket # 6-2, AR 12, 17-18) This finding is supported by substantial evidence.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 6, 2011, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:   July 14, 2011          /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE